**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN EDWARD FOLAND,** | ) | **CASE NO. 1:22 CV 2209** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **STATE OF NEW YORK, et. al.,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendants.** | ) | **AND ORDER** |

**I. Introduction**

On December 7, 2022, *pro se* plaintiff John Edward Foland filed this action against the

State of New York, the Commonwealth of Pennsylvania, and the State of Ohio (Doc. No. 1). The

complaint consists of disjointed and illogical statements and includes an equally

incomprehensible exhibit. The complaint includes a statement of claim in which Plaintiff states

"Pennsylvania and Ohio, 50 years allowing an Idaho based Ohio family to traffic in children

through Beaver County Children and Youth Services, using his authority as former National

Security Advisor and former Secretary of State to conceal bodies found by me myself ..." (*Id.*).

The statement further alleges that "27 bodies I claim the two men ... had killed in cooperation

with John Gacy from 1971-1976 in Albany, New York ..." (*Id.*). The remainder of the complaint

includes purported factual details concerning the discovery of a woman's body and various

attempts to bury the body. (*Id.* at 6-12).

The exhibit includes a copy of a criminal complaint allegedly filed by Plaintiff in which he claims that he "caught Ric Flitton dragging a kid across Old Freedom Road, [and] it appeared to [Plaintiff] that Ric was forcing the kid to go with him." (Doc. No. 1-2). The exhibit also includes the purported Facebook profile page of Justin Flitton, a copy of an email message sent by Plaintiff with the apparent subject "Could the FBI run these two men for conclusion on multiple child deaths," and a separate email message with the subject "My Nigga!" (*Id.*).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Discussion

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful,

fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to connect any alleged occurrence to any specific, cognizable injury, and he fails to coherently identify how the defendants harmed him.  Additionally, Plaintiff's pleadings do not contain a decipherable legal claim within the jurisdiction of this Court or a proper request for relief. And his purported factual allegations are at times wholly incredible and irrational. Plaintiff's complaint therefore lacks an arguable basis in fact and fails to state a claim upon which relief may be granted.

## IV. Conclusion

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

DONALD C. NUGENT
United States District Judge

DATED: March 6, 2023

-4-